UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-103 (ADM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582 |
| v. | ) | |
| MARC ANTHONY HESTER, Defendant. | ) | |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Kimberly A. Svendsen, Assistant United States Attorney, hereby submits this response to defendant Marc Anthony Hester's Motion for Resentencing and Release Pursuant to 18 U.S.C. § 3582(c)(2), dated March 4, 2008, based on United States Sentencing Guidelines ("Guidelines") Amendments 706 and 711. Defendant Hester appears eligible, and the government does not oppose a reduction of defendant's sentence to 70 months.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2001, Marc Anthony Hester (hereinafter referred as "defendant") knowingly managed or controlled an apartment in St. Paul, Minnesota, for the purpose of unlawfully storing,

---

[1] A modified sentence of 70 months may make defendant eligible for release, assuming defendant is eligible for and receives credit against the sentence for "good-time" as administered by the Bureau of Prisons ("BOP"). Because actual release date depends, for example, on the BOP's good-time criteria, the modified sentence should be 70 months and not "time-served," where, as in this case, the actual "time-served" to date is less than 70 months. BOP can then release defendant pursuant to its standard good-time and other procedures.

distributing or manufacturing in excess of fifty grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of Title 21, United States Code, Section 856. (Doc. No. 26, Plea Agreement and Sentencing Stipulations ¶ 1.) On March 19, 2003, defendant pled guilty to a one-count Information charging him with knowingly opening or maintaining a place for the purpose of manufacturing, distributing or using cocaine base ("crack") in violation of 21 U.S.C. § 856(a)(1). (Doc. No. 26, Plea Agreement and Sentencing Stipulations ¶¶ 1-2.)

Defendant was sentenced on March 19, 2003. The Court adopted the Guidelines range identified in the Presentence Investigation Report. (Doc. No. 27, Judgment at 5; PSR ¶ 28.) The Court used the Sentencing Guidelines in effect as of January 25, 2003. (PSR ¶ 14.) Defendant was held responsible for 129.5 grams of cocaine base. (PSR ¶ 15.) The Court found the base offense level was 32 and applied a 3-point reduction for acceptance of responsibility, resulting in a total offense level of 29. (PSR ¶¶ 15, 20, 21.) With a criminal history category of II, defendant's Guidelines range was 97 to 121 months imprisonment. (PSR ¶ 49; Doc. No. 27, Judgment at 5.) The Court departed and sentenced defendant to 87 months. (Doc. No. 27, Judgment at 2.)

Neither defendant nor the government filed a direct appeal. Defendant did not file a Section 2255 habeas motion.

On March 4, 2008, defendant filed a motion seeking a reduction

of his sentence pursuant to 18 U.S.C. § 3582(c)(2). His motion is based on Amendments 706 and 711, which modified the crack cocaine guidelines under which defendant was sentenced. The government concurs with defendant's calculation of a post-Amendments Guidelines range of 70 months imprisonment. Although the parties do not disagree about a modification of sentence to 70 months, the government outlines below its position on the appropriate methodology in arriving at such a modification.

## ARGUMENT

### I. SECTION 3582(c)(2) AND GUIDELINES SECTION 1B1.10.

Once a sentence has been imposed, it may not be modified except in specific and limited circumstances. One such circumstance is provided in 18 U.S.C. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This provision allows a sentence to be reduced only when the Guidelines range has "subsequently been lowered by the Sentencing Commission" and only as provided by the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

§ 3582(c)(2); United States v. Walsh, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

Guidelines Section 1B1.10 contains the Sentencing Commission's primary "Policy Statement" regarding reduction of sentences under 18 U.S.C. § 3582(c)(2). Guidelines Section 1B1.10 identifies the amendments which may be applied retroactively pursuant to this authority. A Guidelines amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., Walsh, 26 F.3d at 76-77. Guidelines Section 1B1.10 further articulates the proper procedure for implementing an amendment which has been made retroactive to a concluded case. See, e.g., United States v. Hasan, 245 F.3d 682, 686 (8th Cir. 2001) (en banc) ("The departure granted by the district court . . . is not consistent with the applicable policy statement (§ 1B1.10) issued by the Sentencing Commission to govern § 3582(c)(2) re-sentencing, and therefore runs afoul of § 3582(c)(2) itself which requires action 'consistent with applicable policy statements issued by the Sentencing Commission.'").

Defendant seeks application of Amendments 706 and 711, which became effective November 1, 2007. Through these Amendments, the Sentencing Commission generally reduced by two levels the offense level applicable to most crack cocaine offenses.

On December 11, 2007, the Commission added Amendments 706 and 711 to the list of amendments which may be applied retroactively as identified in Guidelines Section 1B1.10(c). Amendment 706 and 711 became retroactive on March 3, 2008.

On December 11, 2007, the Sentencing Commission also amended Guidelines Section 1B1.10, emphasizing the limited nature of relief available under 18 U.S.C. § 3582(c)(2). Revised Guidelines Section 1B1.10(a), which also became effective on March 3, 2008, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable Guidelines range.
>
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full re-sentencing of the defendant.

Consistent with the above, Section 3582(c)(2) and Guidelines

Section 1B1.10 allow reduction of a sentence only in limited circumstances and in limited ways. As is discussed below, defendant in this case is eligible for such a reduction.

**II. DEFENDANT IS ELIGIBLE FOR A REDUCED SENTENCE.**

Defendant became eligible for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 711 when they became retroactive on March 3, 2008. In this case, the government does not oppose a modification of sentence to 70 months.

In considering a motion for a reduced sentence pursuant to Section 3582(c)(2), two separate determinations are required. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc). First, a court must determine the amended Guidelines range and what sentence it would have given at the time of the original sentencing had the amended Guidelines range applied. Id. at 684-85. Second, a court must consider whether to exercise its discretion to reduce the sentence, in light of the factors in Section 3553(a) and the information it now has. Id. at 685.

**A. The Amended Guidelines Range.**

The first step in deciding whether to grant a Section 3582(c)(2) motion is for a determination of the amended Guidelines range to be made. As the Eighth Circuit, en banc, has described the process:

> First, 'the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.' The court must leave all previous factual determinations

> intact at this point and simply determine 'what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.

Hasan, 245 F.3d at 684-85 (quoting United States v. Wyatt, 115 F.3d 606, 608, 609 (8th Cir. 1997)).

Effective March 3, 2008, Amendments 706 and 711 reduced the Guidelines range applicable in this case, and therefore the Court may consider whether to reduce defendant's sentence. Specifically, the base offense level is now 30, rather than 32, pursuant to amended Section 2D1.1(c)(5). When combined with the other Guidelines determinations previously made by the Court, the total offense level is 27. With the established criminal history category of II, the Guidelines range, as amended, is 78 to 97 months. This is a reduction from the original Guidelines range of 97 to 121 months.

**B. The Extent of Any Sentence Modification.**

The second step in deciding whether to grant a Section 3582(c)(2) motion is for a court to determine whether to exercise its discretion in granting a reduction, and if so, to what extent. As the Eighth Circuit stated in Hasan:

> The second step requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence . . . . [T]he district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded.

245 F.3d at 685.

If a court decides to exercise its discretion and grant a reduction in sentence, the factors for it to consider and the limits on its discretion are set forth in Section 3582(c)(2) and the applicable policy statements of the Sentencing Commission. Specifically, Section 3582(c)(2) provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Similarly, Section 1B1.10 provides that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. cmt. n.1(B)(I); see also U.S.S.G. § 1B1.10 Background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).

The Eighth Circuit described this process in Hasan as follows:

> In this second step . . . the guiding factors in § 3553(a) and the applicable policy statements of the Sentencing Commission are not grounds for an additional departure below the new sentence length already determined by the district court in step one. Rather, these factors guide the district court's second-step discretionary determination of whether to reduce [the defendant's] sentence to [the bottom of the revised

Guidelines range].

245 F.3d at 685. The Court of Appeals, en banc, further emphasized this point in Hasan, stating:

> The language of the statute, 18 U.S.C. § 3582(c)(2), is clear. The factors set forth in § 3553(a) and the applicable policy statements are to be considered only when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission's lowering of the sentencing range. The statute does not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction.

Id.

Subject to the limits set forth in Section 1B1.10(b), a court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, a court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. See U.S.S.G. § 1B1.10, cmt. n.1(B)(ii), Revised Application Note 1(B)(ii)("The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii) Revised Application Note 1(B)(iii) ("The court may consider post-sentencing conduct of defendant that occurred after the imposition of the original term of imprisonment."). The Application Note explains that these factors are relevant in determining whether and

by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

For example, two limits established in Guidelines Section 1B1.10(b) would potentially apply in this case. First, Guidelines Section 1b1.10(b)(2)(B) allows this Court to grant a departure from the amended Guidelines range which is comparable to the departure it gave at the original sentencing. The departure from the bottom of the original guideline range, 97 months, to the sentence imposed, 87 months, was approximately 10 percent. A comparable departure from the bottom of the amended Guidelines range (78 months) would be approximately 70 months. Second, Guidelines Section 1B1.10(b)(2)(C) prohibits a reduction of sentence to less than time-served.

**CONCLUSION**

Based upon the above and the proceedings to date, and subject to the conditions noted in footnote 1, the government does not oppose a sentence modification to 70 months or, if this sentence exceeds the amount of time the defendant has already served, then time served.

Dated: March 4, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

s/Kimberly A. Svendsen

BY: KIMBERLY A. SVENDSEN
Assistant U.S. Attorney